JACOB KREISCHER, Plaintiff, *v.* THE HAMPTON COMPANY, Defendant.

*Real property — contract — agreement to protect adjoining building during excavation — negligence.*

Appeal from a judgment of the Supreme Court, entered in the Albany county clerk's office on the 6th day of December, 1913.

Judgment unanimously affirmed, with costs, upon the opinion of Hasbrouck, J., at Trial Term.

The following is the opinion of the court below:

HASBROUCK, J.: In May, 1909, the plaintiff and defendant owned adjoining premises on Beaver street in the city of Albany. The plaintiff undertook during June of that year to improve his building on No. 9 Beaver street, and had made some progress at it, when the defendant, owning No. 11 Beaver street, which adjoins No. 9, gave the plaintiff notice that he should protect his walls and that the defendant was starting to demolish its buildings on No. 11 and other lots to the westward for the purpose of erecting an addition to its hotel. Subsequent to this notice some dispute arose between the defendant and its contractors on the one hand and the plaintiff on the other, but on August seventh these disputes were appeased by an agreement entered into between the parties to this action. By the agreement the Hampton Company agreed among other things: "To start the work of demolishing the existing party wall between the premises No. 9 and 11 Beaver Street * * * immediately and to prosecute the work of demolition and protecting all the Kreischer building. * * * That the Hampton Company will at all times during the progress of the work protect the stability of the Kreischer building against any act or omission of the Hampton Company. * * * That the Kreischer building will at the completion of this agreement be left in substantially the same condition as before the building operations commenced." In the process of demolishing its old buildings to make room for a new one there was left standing on Beaver street a fragment of wall approximately forty feet long. This fragment stood along the northerly end of the westerly line on plaintiff's property. Some time prior to September tenth excavations had been dug on the defendant's property for the location of certain boilers which were to be used in the operation of the defendant's hotel. The depth of these boiler pits was

about fourteen feet and distant from the westerly end of the plaintiff's premises and the fragment a few feet. The soil beneath the fragment was clayey, and on the tenth day of September there was a rainfall of about fifty-seven one-hundredths of an inch. Late in the afternoon of the tenth day of September the fragment was observed to be moving. To arrest it a harness was put over the top of the Kreischer building, engaging and fast to the fragment of the defendant's premises. On the tenth and eleventh of September the movement of this fragment continued. It slid towards the south and listed to the west. When this movement had culminated the Kreischer building was found involved. The east wall of the structure, the front wall at the southwest on the street line were out of plumb, and the westerly wall was much tilted towards the west from the second story up; and the building was otherwise seriously injured. Whatever the relations between the defendant and its contractors, whether of independence or agency, the defendant had, it appears to us, agreed to protect the Kreischer building during the progress of the work. This obligation it assumed by its contract with the plaintiff, and upon it the plaintiff had a right to rely. The fragment moved because of conditions existing on No. 11 Beaver street, for which conditions so far as they affected the plaintiff the defendant assumed the responsibility. So, whether the slide and list of the fragment were the immediate result of what the contractors did or what the architect advised can make very little difference. The defendant did not protect the Kreischer building, and failed and neglected to perform its contract, and is, therefore, as we view it, liable to compensate the plaintiff for the injuries suffered by him on account of its non-performance. I find the amount of damage the plaintiff sustained to be the sum of $5,770.

———

William C. Cairns, as Administrator, etc., of John A. Cairns, Deceased, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment and order unanimously affirmed, with costs.

Marian Low, Individually and as Sole Executrix of A. Augustus Low, Deceased, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs.

Henrietta J. Lengfeld, Respondent, v. Alexander W. Fairbank, as Administrator, etc., Appellant.— Judgment unanimously affirmed, with costs.